A. HIMMELMANN, Respondent, v. A. W. REAY et al., Appellants.

## No. 1666; July 16, 1869.

**Street Improvement—Unknown Owner—Demand.—**Under the street law for San Francisco (Statutes of 1863, section 11, pages 529 and 530) the contractor is not required to seek an owner, or his agent, for the purpose of making a demand when "the name of the owner is stated as unknown" on the assessment.

**Street Assessment—Dollar Mark.—It is No Valid Objection** to the assessment list that the dollar mark does not precede the sum placed opposite the lots named as assessed; if that mark is placed before the amount in the footing of the several assessments of the different lots, it is equally significant.

APPEAL from Twelfth Judicial District, San Francisco County.

This was an action by a contractor to enforce an assessment for street work, the defendants being, as alleged, the owners

of lots 3 and 4 of one particular tract in the complaint named as affected by the improvement. The "warrant," the "assessment-roll" and the "affidavit of return" composed what, on being put in evidence at the trial, was marked "Exhibit A," and the admission of this was assigned as error by the appellants "because it does not appear it has any reference to the defendants or that any demand appears to have been made, and also that same has not been legally proved."

On the diagram attached to the assessment-roll the word "unknown" was written in the column, the top of which bore the printed words "names of owners," in connection with the numbers "3" and "4" respectively in the adjacent column set apart in like manner, and indicated as for the insertion of the assessed lots by number. Other objections, the overruling of which was assigned as error, are made sufficiently to appear in the opinion.

O. L. Lane for respondent; E. A. Lawrence for appellants.

See Himmelmann v. Reay, post, p. 615; Himmelmann v. Reay, 38 Cal. 163.

SPRAGUE, J.—Appellant's objection to the admission in evidence of the warrant, assessment-roll, diagram and return of demand is not well taken. The return shows a demand of the amount assessed upon lots numbered 3 and 4 on the assessment-roll in strict compliance with the terms of the statute, which reads as follows: "The contractor or his agent or assigns shall call upon the persons so assessed, or their agents, if they can conveniently be found, and demand payment of the amount assessed to each. . . . . Whenever the persons so assessed, or their agents, cannot conveniently be found, or whenever the name of the owner of the lot is stated as 'unknown' on the assessment, then the said contractor, or his agent or assigns shall publicly demand payment on the premises assessed": Street Law for San Francisco, Stats. 1863, sec. 11, pp. 529, 530. The premises described in the complaint—on the assessment-roll, to which the warrant and diagram were attached—appear numbered as lot 3 and lot 4, opposite to which, and in the column headed "Names of owners," is entered "unknown," so that the name of the owner of these lots is stated as "unknown" in the assessment; hence, as to

these lots, the contractor, or his assigns, holding the warrant, assessment and diagram, prepared and delivered to him by the superintendent of streets, was, by the statute, required to "publicly demand payment on the premises assessed," which the return shows he did. The case of Guerin v. Reese, 33 Cal. 295, fails to sustain appellant's exception upon this point. In that case the assessment-roll showed that the lot was assessed to M. Reese as owner, hence demand of payment was required to be made as provided in the first paragraph of section 11 above quoted. As to the mode of making demand, the contractor must be governed by the statute, and the assessment, diagram, etc., prepared and placed in his hands by the superintendent of streets; he is not required by the statute to seek an owner, or his agent, for the purpose of making demand, when "the name of the owner is stated as unknown" on the assessment. In such case the only method of making demand, to be evidenced by his return, is by public proclamation on the assessed premises. Proof of the execution of the warrant, diagram and assessment, etc., was not required, as no allegation of the complaint touching the existence and due execution of these papers was denied by the answer.

The objection to the assessment list that "there is no dollar mark to indicate that they were assessed," is not well taken. The dollar mark is placed before the amount in the footing of the several assessments of the different lots, and this is equally as significant and effectual an indication of what the figures in the different entries footed are intended to represent as though the dollar mark had been placed at the head of the column.

Although the rejected testimony tended to establish that the owners of a major part of the frontage of the lots, liable to be assessed for the improvement, had entered into a contract with the superintendent of streets to do the work at the rates proposed by Dougherty, to whom the same had been awarded, yet, as appears by the evidence, the property owners failed to enter upon the performance of the work under such contract within the ten days next succeeding publication of the award to Dougherty, as required by section 6 of the street law: Stats. 1862, p. 390. Upon this point the evidence is apparently somewhat conflicting, but it is of a character, in

our judgment, to fully justify the conclusion, to which the judge must have arrived therefrom, that the property owners, under their contract, did not commence the work within the time prescribed by law, and hence, the street superintendent was required to enter into the contract with Dougherty; and having, in the judgment of the court, properly entered into that contract with Dougherty, the offered evidence was very properly excluded, as incompetent to affect the rights of Dougherty, or his assigns, under his contract.

The other assignments of error by appellant do not appear to have any foundation upon which to rest.

Judgment and order affirmed.

We concur: Sanderson, J.; Sawyer, C. J.; Crockett, J.; Rhodes, J.